FILED
United States Court of Appeals
Tenth Circuit

October 23, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DANIELLE RHOTEN, as an
individual and as heir at law of
Xavier Rhoten, deceased,

Plaintiff-Appellant,

v.

FRANK PASE, as an agent and
employee of Topeka, Kansas, and as
an individual; CITY OF TOPEKA,
KANSAS,

Defendants-Appellees,

and

BRUCE DICKSON, IV,

Defendant.

No. 06-3346
(D.C. No. 04-CV-4160-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Danielle Rhoten appeals from the district court's grant of summary judgment in favor of defendants City of Topeka, Kansas, and Frank Pase, a Topeka Police Department lieutenant, on her claim under 42 U.S.C. § 1983 for violation of her right to substantive due process. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Around 7:00 p.m. on February 5, 2004, Bruce Dickson, IV, was driving on Topeka Boulevard in Topeka at speeds exceeding the posted 35 m.p.h. speed limit, even though the streets were slick, icy, and slushy. Lt. Pase noticed Mr. Dickson's speeding, quick lane changes, and passing of vehicles and deemed him to be a danger to the public. Lt. Pase pursued Mr. Dickson in his unmarked, dark blue police car without using either the lights or the siren and without contacting the police dispatcher. Before Lt. Pase was able to stop Mr. Dickson, Mr. Dickson hit a van in which Ms. Rhoten was a passenger. She was severely injured and her unborn child, whose birth was expected in two weeks, died.

Ms. Rhoten filed a complaint in district court alleging that because Lt. Pase did not use lights and a siren or summon assistance when engaging in a high-speed chase, he created a dangerous condition resulting in her injury and in the violation of her substantive due process rights. She also alleged that the City of Topeka customarily allowed police officers to speed without activating lights

-2-

or sirens, allowed officers to ignore state laws and city regulations for activating lights and sirens during emergency operations, and did not discipline officers for doing so, thereby placing her in danger in violation of her substantive due process rights.

The City of Topeka and Lt. Pase both filed motions for summary judgment. Lt. Pase argued that he was entitled to qualified immunity because there was no constitutional violation as there was no causal connection between the accident and his conduct. In addition, he asserted that because his conduct did not shock the conscience and because he did not take affirmative action placing Ms. Rhoten in danger, he did not violate her substantive due process rights.

The district court granted summary judgment to Lt. Pase and the City of Topeka after concluding that Ms. Rhoten's constitutional rights were not violated. Construing the facts in the light most favorable to her, the court found that there was no genuine issue of material fact whether Lt. Pase's conduct influenced Mr. Dickson's conduct or was causally related to Ms. Rhoten's injuries, because Mr. Dickson was unaware that Lt. Pase was pursuing him. In addition, the court concluded that Lt. Pase's failure to use his lights or siren did not raise a question of fact whether he created a danger that resulted in Ms. Rhoten's injuries, because that danger already existed by virtue of Mr. Dickson's driving. As an alternative basis for granting summary judgment, the court decided that Lt. Pase's acts did not shock the conscience of the court. Lastly, the court concluded that resolution

of the constitutional claim against Lt. Pase also defeated the constitutional claim against the City of Topeka.[1]  Ms. Rhoten appealed.

## II.

### A.

Before considering the merits of this appeal, we first address procedural concerns.  Federal Rule of Appellate Procedure 28(a)(7) requires an appellant's brief to contain "a statement of facts relevant to the issues submitted for review with appropriate references to the record."  The Statement of the Facts section of Ms. Rhoten's brief, however, states only the following:  "See Appendix, hereinafter 'Aplt. App.' at pp. 27-59."  Aplt. Br. at 3.  These appendix pages refer to her response to the City of Topeka's motion for summary judgment and therefore do not satisfy the requirements of Rule 28(a)(7).  *See also* 10th Cir. R. 28.4 (disapproving of incorporating by reference statement of facts in district court pleading and noting that incorporation does not satisfy Rule 28(a)).

In addition, the argument section of her brief lacks appropriate references to relevant record authority; she again cites to her response to the City of Topeka's summary judgment motion rather than to record evidence to support her arguments.  Her citation to a district court brief does not fulfill the Fed. R. App. P. 28(e) requirement for citations to the appendix.  *Cf. Doeblers'*

---

[1]     The district court declined to exercise supplemental jurisdiction over any pending state-law claims.

*Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (deciding party cannot fulfill obligation to provide record support by citing to statement of undisputed facts in summary judgment motion).

Although we may dismiss Ms. Rhoten's appeal due to her failure to follow the rules of appellate procedure, we decline to do so. *See MacArthur v. San Juan County*, 495 F.3d 1157, 1161 (10th Cir. 2007). Given the appendices provided by both parties, we have a sufficient record to review the merits of this appeal and to conclude Ms. Rhoten's arguments are without merit. *See id.*; *Fryar v. Curtis*, 485 F.3d 179, 182 n.1 (1st Cir. 2007). We, however, will resolve any uncertainty regarding the facts against her. *See Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica*, 361 F.3d 1, 4 n.1 (1st Cir. 2004) (summary judgment case).[2]

### B.

Ms. Rhoten argues that the district court erred in granting summary judgment to Lt. Pase and the City of Topeka and in concluding that they did not violate her substantive due process rights. "We review the district court's grant of summary judgment *de novo*." *Graves v. Thomas*, 450 F.3d 1215, 1217 (10th Cir. 2006). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

[2] We remind counsel of the duty to follow the appellate and Tenth Circuit rules.

any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007) (quotation omitted).

In reviewing the district court's grant of summary judgment, we first consider the claims against Lt. Pase. In response to the claims against him, Lt. Pase asserted an entitlement to qualified immunity. When resolving the qualified immunity question, we first consider whether the facts alleged show that Lt. Pase's conduct violated a constitutional right. *See id.* at 1774. Only if we determine that there has been a constitutional violation will we proceed to the next step in the qualified immunity analysis and decide whether that right was clearly established within the specific context of this case. *See id.* Whether Ms. Rhoten alleged conduct by Lt. Pase that violated a constitutional right is a question of law we review de novo. *Radecki v. Barela*, 146 F.3d 1227, 1229 (10th Cir. 1998). Because we conclude after de novo review that Ms. Rhoten did not allege the violation of a constitutional right, we need not address the next step in the qualified immunity analysis. *See Graves*, 450 F.3d at 1218.

"Substantive due process protects individuals against 'arbitrary action of government' that deprives a citizen of life, liberty or property 'whether the fault lies in a denial of fundamental procedural fairness . . . or in the exercise of power

-6-

without any reasonable justification in the service of a legitimate governmental objective.'" *Perez v. Unified Gov't of Wyandotte County/Kan. City, Kan.*, 432 F.3d 1163, 1166 (10th Cir. 2005) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998)), *cert. denied*, 126 S. Ct. 2971 (2006). "The ultimate standard for determining whether there has been a substantive due process violation is whether the challenged government action shocks the conscience of federal judges." *Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006) (quotations omitted). "[I]n a high-speed automobile chase aimed at apprehending a suspected offender . . . only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Lewis*, 523 U.S. at 836.

Because the accident in this case involved a third party, Mr. Dickson, Ms. Rhoten argues that Lt. Pase created a danger for her in violation of her substantive due process rights by engaging in a high speed pursuit without using lights and siren. "The danger creation theory is an exception to the rule that state actors are not liable for the violent acts of third parties." *Moore*, 438 F.3d at 1042. It "makes a state official liable for the private violence of third parties if that official created the danger that caused the harm and the official's conduct was conscience shocking." *Id.* The danger-creation theory "applies only when a state actor affirmatively acts to create, or increases a plaintiff's vulnerability to,

danger from private violence." *Id.* (quotation omitted). A six-part test applies to analyze claims under the danger-creation theory:

> a plaintiff must demonstrate that (1) the charged state entity and the charged individual actors created the danger or increased plaintiff's vulnerability to the danger in some way; (2) plaintiff was a member of a limited and specifically definable group; (3) defendants' conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscience shocking.

*Christiansen v. City of Tulsa*, 332 F.3d 1270, 1281 (10th Cir. 2003) (quotation omitted). As reflected by this six-part test, the danger-creation theory is reserved for exceptional circumstances. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1184 (10th Cir. 2002). Ordinary negligence does not shock the conscience. *Id.* "Rather, a plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Id.* (quotation omitted).

The district court concluded that Lt. Pase did not violate Ms. Rhoten's substantive due process rights because there was no causal connection between the accident and his behavior, he did not create a danger resulting in her injuries, and his behavior did not shock the conscience. Ms. Rhoten argues that there is a genuine issue of material fact whether Mr. Dickson believed that he was being chased such that a causal connection existed. The basis for the argument is a recorded statement he made to his insurance adjuster. Apparently, Ms. Rhoten

-8-

planned to use this statement, which is not included in the appendices of either party, to infer that Mr. Dickson believed, contrary to his deposition testimony, that he could have been pursued or chased by someone who might have been Lt. Pase and that the chasing could have influenced his driving, thereby causally connecting him to the accident. The district court excluded the statement as hearsay under Fed. R. Evid. 801(c), because it was offered to prove the truth of the matter asserted. Ms. Rhoten argues that the district court abused its discretion by excluding the statement since the statement was admissible against a party-opponent under Fed. R. Evid. 801(d)(2)(A).

Rule 801(d)(2)(A) provides that a statement is not hearsay if it "is offered against a party and is . . . the party's own statement." Ms. Rhoten did not offer Mr. Dickson's statement as an admission against him; she offered it as an admission against Lt. Pase and the City of Topeka. Thus, the district court did not abuse its discretion in excluding this inadmissible hearsay. *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) ("We review a district court's evidentiary rulings at the summary judgment stage for abuse of discretion."). And we therefore do not consider this inadmissible statement when reviewing the district court's order granting summary judgment. *See Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995) ("It is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment.").

But even assuming the statement was admissible, the district court decided that it failed to support Ms. Rhoten's position, because it did not show that Mr. Dickson knew he was being followed by Lt. Pase. The court decided that the statement along with Mr. Dickson's deposition testimony and the other record evidence did not raise a question of fact whether Lt. Pase's actions were a factor in causing Ms. Rhoten's injury. We agree. First, a statement that is not included in the appendices cannot be a basis for a determination that there is a genuine issue of material fact. Second, Mr. Dickson's statement and deposition testimony both indicate he did not believe he was being chased. In his statement, Mr. Dickson indicated that he saw a white car–not a dark blue car like Lt. Pase was driving–make a U-turn, move fast, and weave in and out of traffic, but he did not know if the car was chasing him. Aplee. Supp. App., Vol. 1 at 223-24 (quoting Mr. Dickson's statement to insurance adjuster in Ms. Rhoten's response to the City of Topeka's motion for summary judgment). He did not pay much attention to the car and did not know if a private person was tracking him down. *Id.* He did not think the car was a police car. *Id.* at 235-36. Similarly, Mr. Dickson testified at his deposition that he "was never under the impression [he] was being chased." *Id.* at 86; *id.*, Vol. II at 468; *see id.*, Vol. I at 92; *id.*, Vol. II at 471. No one driving behind him caused him to change the manner of his driving. *Id.*, Vol. I at 98; *id.*, Vol. II at 472. Indeed, he only learned that

-10-

Lt. Pase was chasing him after the accident. *See id.*, Vol. I at 86; *id.*, Vol. II at 468-69.

In addition, contrary to her argument, Ms. Rhoten has alleged no facts showing affirmative conduct by Lt. Pase that created or increased danger to her or conduct that shocks the conscience. "Affirmative conduct for purposes of § 1983 should typically involve conduct that imposes an immediate threat of harm, which by its nature has a limited range and duration. *Ruiz*, 299 F.3d at 1183. Ms. Rhoten's claim is that she suffered injuries due to Lt. Pase's failure to turn on his lights and siren while pursuing Mr. Dickson, who denied knowing he was being pursued. Lt. Pase's conduct therefore did not impose an immediate threat of harm to Ms. Rhoten, and she cannot point to affirmative actions by Lt. Pase that created or increased the danger to her. Nor has she shown any outrageous conduct by Lt. Pase that shocks the conscience.

Ms. Rhoten also argues that Topeka police department policy creates a practice of intentional and reckless conduct to use police vehicles to engage in high speed pursuit without activating the siren or lights, thereby denying other roadway users notice of an impending danger. According to Ms. Rhoten, that policy allowed Lt. Pase to speed without activating his lights and siren and later deny that he was engaged in a pursuit. Nothing in the appendices indicates that Mr. Dickson believed that Lt. Pase was pursuing him. Even if police policy influenced Lt. Pase's actions, Mr. Dickson was solely responsible for the

accident, Lt. Pase did not intend to harm Ms. Rhoten, and Lt. Pase's conduct was not conscience shocking. Because Ms. Rhoten did not raise a genuine issue of material fact that Lt. Pase caused the accident, created a danger, or acted in a conscience-shocking manner, we conclude that the district court properly granted summary judgment to Lt. Pase.

The district court also properly granted the City of Topeka's motion for summary judgment. "A municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1223 (10th Cir. 2006) (quotation omitted).

We AFFIRM the judgment of the district court.

Entered for the Court


Wade Brorby
Senior Circuit Judge

-12-