**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CECILE DENISE COLEMAN,

      Plaintiff-Appellant,

v.

BLUE CROSS BLUE SHIELD OF
KANSAS, INC.,

      Defendant-Appellee.

No. 07-3177

(D.C. No. 05-CV-4149-JAR)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, McKAY,** and **LUCERO**, Circuit Judges.

---

Cecile Coleman (Plaintiff) appeals the district court's dismissal of claims arising

from her termination as an employee of Blue Cross Blue Shield of Kansas (Blue Cross).

Plaintiff alleges (1) retaliation under Kansas's workers' compensation statute; (2)

interference under the Family Medical Leave Act (FMLA); (3) retaliation under the

FMLA; (4) intentional discrimination under the Americans with Disabilities Act (ADA);

and (5) retaliation under the ADA. The district court found Plaintiff's response to Blue

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Cross's motion for summary judgment deficient, and granted summary judgment in favor of Blue Cross. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

I

Plaintiff commenced this action in December 2005, and after the completion of discovery, Blue Cross moved for summary judgment. Blue Cross's summary judgment motion included a list of ninety-one factual allegations, each supported by a citation to specific evidence in the record. Plaintiff's response to that motion included a reply to each of those ninety-one allegations, but failed to cite to the record in support her contrary factual averments in all but three instances. Plaintiff did attach her sixteen page affidavit to her response. Her response made a general reference to her affidavit as providing a response to Blue Cross's statement of facts by stating, "[m]y answer to defendant's statement of alleged facts is incorporated by reference herein." Coleman Summ. J. Aff. ¶ 6. But as regards defendant's statement of facts, Plaintiff's response did not include any specific citations to specific points in the affidavit, and made only a general reference to the affidavit, saying "[a]ll responses to defendant's alleged statement of facts were provided by Ms. Coleman under oath as indicated in the attached affidavit." Pl.'s Br. Summ. J. 2.

Blue Cross argued in its reply brief that Plaintiff's statement of facts failed to comply with the court's local rules of practice in that it was essentially not responsive to the facts asserted by Blue Cross. Blue Cross argued that because Plaintiff did not cite to specific evidence in her responses to Blue Cross's statement of facts, the district court

2

should disregard Plaintiff's factual averments and accept its factual allegations as true. Blue Cross also argued that Plaintiff's affidavit included inadmissible statements of hearsay and opinion, and often did not reflect the first person perceptions of Plaintiff. It suggested that to the extent the district court considered the affidavit, it should disregard those portions constituting inadmissible evidence. Blue Cross also contended that Plaintiff's affidavit contradicted aspects of her prior deposition testimony, and should therefore be treated as a "sham" affidavit and disregarded.

Plaintiff moved to amend her response, submitting a proposed amended response that attempted to cure the defects identified by Blue Cross.[1] After briefing on the issue of whether to allow the amendment, the district court denied Plaintiff's motion to amend her response. The district court treated the motion to amend as a motion to file out of time, which the court may grant only upon a showing of excusable neglect. The court concluded that Plaintiff had failed to establish excusable neglect and denied Plaintiff's motion to amend.

The district court then addressed the specific defects in Plaintiff's original response. The court agreed with Blue Cross that Plaintiff had failed to comply with the local rules of practice. As a result, the court refused to credit her responses to Blue Cross's statement of facts, with the exception of the three instances where she did comply with the local rule by supporting her allegations with a citation to the record. The court

---

[1] The district court's opinion indicates that many of these defects were not cured by the proposed amended response. Order Granting Mot. Summ. J., May 16, 2007, at 8-9.

3

then ruled that to the extent it would consider Plaintiff's affidavit, it would disregard those averments which relied upon inadmissible evidence and those which contradicted her prior deposition testimony so as to amount to a "sham" affidavit. The district court then granted summary judgment in favor of Blue Cross on all claims.

II.

This court reviews the district court's grant of a motion for summary judgment de novo, viewing the disputed issues of fact in the light most favorable to the non-moving party. Clark v. Edmunds, 513 F.3d 1219, 1221-22 (10th Cir. 2008).

As an initial matter, Plaintiff does not adequately challenge the district court's denial of her motion to amend. See Aplt. Br. at 25-28. Her arguments deal exclusively with whether the affidavit attached to her initial response to Blue Cross's motion was admissible. She offers no legal or factual support for her argument that the district court erred in denying her motion to amend. As a result, we must conclude that she has waived any challenge to the court's denial of her motion to amend. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived."). By waiving this argument, we only consider Plaintiff's original response to Blue Cross's motion for summary judgment in reviewing the district court's grant of summary judgment.

Plaintiff's response to Blue Cross's motion for summary judgment fails to comply with either Local Rule of Civil Procedure 56.1 for the District of Kansas, or the basic requirements of summary judgment practice in the federal courts. Local Rule 56.1

4

provides that

> (1) A memorandum in opposition to a motion for summary judgment shall begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be numbered by paragraph, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of movant's fact that is disputed.
> (2) If the party opposing summary judgment relies on any facts not contained in movant's memorandum, that party shall set forth each additional fact in a separately numbered paragraph, supported by references to the record, in a manner required by subsection (a) above. All material facts set forth in this statement of the non-moving party shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party.

D. Kan. R. Civ. P. 56.1(b). Plaintiff's response does include numbered paragraphs corresponding to Blue Cross's statement of facts. But only three of those ninety-one paragraphs comply with the requirement that any fact in the moving party's statement that the non-moving party wishes to contradict include a citation to the record supporting their alternative view of the facts. See Pl.'s Br. Summ. J. at ¶ 57, 68, 77.

Plaintiff does not dispute that her original response did not comply with the local rule. She instead argues that her affidavit, as well as several other documents attached to her response to Blue Cross's motion for summary judgment, should be considered regardless and, if considered, we should conclude that she has raised questions of material fact sufficient to withstand summary judgment. Plaintiff's response does mention her affidavit, but it does so only generally. In a single sentence preceding Plaintiff's response to each of the ninety-one numbered paragraphs provided by Blue Cross in its statement of facts, the memorandum provides "[a]ll responses to defendant's alleged statement of facts

5

were provided by Ms. Coleman under oath as indicated in the attached affidavit." Pl.'s Br. Summ. J. 2. At no point does the response specifically cite a particular part of the affidavit, or any other evidence for that matter, as a source of Plaintiff's contrary factual allegation.

By citing to the affidavit in this general way, Plaintiff has failed to comply with the requirement that a memorandum opposing summary judgment "shall refer *with particularity* to those portions of the record upon which the opposing party relies." D. Kan R. Civ. P. 56.1(b) (emphasis added). As such, while Plaintiff correctly notes that a party opposing summary judgment may rely on an affidavit attached to their memorandum, Plaintiff's failure to properly reference specific points in the affidavit as support for each of her allegations is a legitimate grounds for its exclusion.

We agree with the district court that it is not the court's responsibility "to conduct a fishing expedition of plaintiff's affidavit or any other record evidence in order to support the assertions made in her response." Order Granting Mot. Summ. J., May 16, 2007, at 11. Faced with pleadings that did not comply with either the local practice rule or summary judgment practice in general, the district court was correct to admit all facts asserted in Blue Cross's summary judgment motion "that are not controverted by a readily identifiable portion of the record." Id. This approach is consistent with Cross v. Home Depot, where this court held that "it is the responding party's burden [at summary judgment] to ensure that the factual dispute is portrayed with particularity, without . . . depending on the trial court to conduct its own search of the record." 390 F.3d 1283,

6

1290 (10th Cir. 2004) (quoting Downes v. Beach, 587 F.2d 469, 472 (10th Cir. 1978)).

As noted by the district court, Blue Cross "has properly supported its motion for summary judgment with affidavits, deposition testimony, and other admissible evidence. In response, defendant has failed to controvert the facts asserted in defendant's motion." Order Granting Mot. Summ. J., May 16, 2007, at 13. As a result of this deficiency, we proceed in the same manner as the district court, and "consider[] only whether [Blue Cross] is entitled to summary judgment as a matter of law, based on the undisputed facts set forth in its motion." Id.

### III.

Given Plaintiff's failure to provide an adequate response brief, the facts as described by Blue Cross in its motion for summary judgment are accepted as true for purposes of summary judgment. This court then views those facts in the light most favorable to Plaintiff, as the non-moving party. The disputed issues of fact appearing in paragraphs 57, 68, and 77 of Blue Cross's motion are also construed in favor of Plaintiff, having been adequately supported by a reference to the record.

In presenting her arguments on appeal, Plaintiff relies exclusively on documents attached to her response to summary judgment that the court did not admit and her inadmissible affidavit. In addition, a number of the facts accepted as true from Blue Cross's motion for summary judgment directly refute the merits of Plaintiff's claims. As Plaintiff has failed to support her arguments with facts supported by admissible evidence, we must affirm.

7

*1) Kansas Workers' Compensation Claim*

Plaintiff first brings a retaliation claim pursuant to Kansas's workers' compensation statute, alleging that Blue Cross fired her for exercising her rights under the Act. In making this claim, she relies primarily on an e-mail chain between her superiors discussing the status of her employment and the number of workers' compensation claims she had made. Plaintiff did attach this evidence to her response to Blue Cross's motion for summary judgment, but we cannot consider it because Plaintiff failed to cite to it in her response to Blue Cross's statement of facts. We therefore affirm the district court's grant of summary judgment, as facts from Blue Cross's motion for summary judgment, which we now must accept as true, make clear Plaintiff was fired for cause, and not as an act of retaliation.

*2) FMLA Claims*

Plaintiff brings two claims pursuant to the FMLA. Her first FMLA claim alleges that her supervisor illegally interfered with her right to FMLA leave. In support of her interference claim, Plaintiff cites a note taken by an unnamed employee of Blue Cross indicating that her supervisor wished to fire her in April 2004 after her next deficient performance report. Plaintiff argues the FMLA was violated because her supervisor's hostility towards her created a "powerful disincentive" to using leave, in violation of the statute. See 29 CFR § 825.220(b). She also cites her affidavit in claiming that she requested to work at a reduced rate, and Blue Cross refused in violation of the FMLA. See 29 U.S.C. §2612(a)(1)(D). Neither piece of evidence was properly cited in Plaintiff's

8

response to Blue Cross's statement of facts. Uncontroverted facts in Blue Cross's motion for summary judgment establish that Blue Cross approved nearly every FMLA request Plaintiff made, and that Blue Cross fired Plaintiff for cause, rather than her repeated FMLA requests.

Plaintiff also claims that Blue Cross fired her in retaliation for her use of FMLA leave. See 29 U.S.C. § 2615(a)(2). Plaintiff does not cite any specific evidence establishing a causal connection between her firing and her use of FMLA leave. She appears to rest her argument primarily on the e-mail chain that supports her Kansas workers' compensation claim, which, as discussed previously, is among the documents attached to her response to the motion for summary judgment, but not properly cited to controvert the facts alleged by Blue Cross. In addition, the uncontroverted facts in Blue Cross's motion for summary judgment establish that Blue Cross fired Plaintiff for cause. Accordingly, we must affirm the district court's finding that "[p]laintiff does not explain, or point to evidence that would create a genuine issue of material fact about whether plaintiff was terminated because of her August 2004 request for intermittent leave." Order Granting Mot. Summ. J., May 16, 2007, at 31.

*3) ADA Claims*

Plaintiff also asserts ADA claims, alleging that she is disabled under the statute and Blue Cross discriminated against her by firing her because of her disability. In order to establish a prima facie case of ADA discrimination, she must establish that (1) she is a disabled person as defined by the ADA; (2) she is qualified, with or without reasonable

9

accommodation to perform the essential functions of the job held or desired; and (3) she

suffered discrimination by an employer or prospective employer.  Bones v. Honeywell,

Int'l, Inc., 366 F.3d 869, 877-78 (10th Cir. 2004).  The district court found that Plaintiff

failed to support her allegation that she is disabled with sufficient evidence.  We agree

with the district court's view and affirm.

AFFIRMED.

Entered for the Court,

Mary Beck Briscoe
Circuit Judge