NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0569n.06

No. 25-5494

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| REBECCA MARTINEZ, individually, and next of kin to KAYLA LUCAS and her minor children (J.W.B. and K.B.L.), and as Administrator ad litem, and Personal Representative of Kayla Lucas and the Estate of Kayla Lucas, | ) ) ) ) ) ) ) | **FILED** Dec 08, 2025 KELLY L. STEPHENS, Clerk |
| Plaintiff-Appellant, | ) | |
| | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| CITY OF MEMPHIS, MEMPHIS POLICE DEPARTMENT, DIRECTOR CERELYN DAVIS, and OFFICER TIMOTHY HAMILTON, | ) ) ) ) | OPINION |
| Defendants-Appellees. | ) ) ) | |

Before: SUTTON, Chief Judge; and BOGGS and BLOOMEKATZ, Circuit Judges.

**BOGGS, Circuit Judge.**

This appeal stems from plaintiff's counsel's attempt to secure leniency after disregarding the Federal Rules of Civil Procedure and the district court's Local Rules. He now seeks to vacate the district court's summary-judgment rulings and its refusal to reopen discovery, recasting his own neglect as supposed judicial error. The district court, however, did not abuse its discretion in declining to overlook his non-compliance. For the following reasons, we AFFIRM.

No. 25-5494, *Martinez v. City of Memphis, et al.*

I

On December 15, 2021, Officer Timothy Hamilton from the Memphis Police Department shot and killed Kayla Lucas during a traffic stop. Lucas's mother, Rebecca Martinez, sued the City of Memphis, the Memphis Police Department, Chief of Police Cerelyn Davis, and Officer Hamilton. For reasons that are unclear, Martinez sued the latter two defendants only in their official capacities, and her briefing does not discuss any claims against them in their individual capacities.

In her complaint, Martinez brought three causes of action: Count I for "negligent, grossly negligent, and wanton failure in hiring and to monitor, train, review, and supervise the officers" under state law; Count II for negligence per se under state law; and Count III for civil-rights violations under 42 U.S.C. § 1983. Following ten months of discovery, the parties cross-moved for summary judgment.

Like many district courts, the Western District of Tennessee has exacting local rules governing summary judgment. Local Rule 56.1 requires that each motion for summary judgment "be accompanied by a separate, concise statement of the material facts" that the moving party claims are not genuinely disputed, and that each such fact be "set forth in a separate, numbered paragraph." W.D. Tenn. L.R. 56.1(a)–(b). The non-moving party "must respond to each fact" in this statement by "agreeing that the fact is undisputed" or "demonstrating that the fact is disputed." *Ibid.* The non-movant's response may also contain a statement of "any additional facts" that are disputed and could create a triable issue, with each fact again listed in its own "separate, numbered paragraph." *Ibid.* In the parties' dueling statements, any fact or contention that a fact is disputed "must be supported by specific citation to the record." *Ibid.* This point-counterpoint framework,

with its rigorous citation requirements, exists "[i]n order to assist the Court in ascertaining whether there are any material facts in dispute." *Ibid.*

In the district court's view, Martinez's fact statements did not comply with these requirements, so it declined to consider three pieces of evidence that she had incorporated into her memoranda of law: the deposition testimony of Chief Davis, the city's responses to her September 15, 2023, requests for admission, and a court order deeming all those requests admitted due to the city's failure to timely respond. While Martinez's counsel attached the first two documents to the memoranda of law as exhibits and quoted them extensively in its arguments, the Rule-56.1 fact statements themselves did not mention or cite to *any* of the three documents. The court thus went on to grant the defendants' motion for summary judgment on all three counts and deny Martinez's motion for partial summary judgment on her Section-1983 claim.

However, about four months prior to this entry of summary judgment, Martinez filed a motion to reopen discovery due to the release of a potentially relevant Department of Justice report. Following a 17-month investigation into police practices in Memphis, the DOJ issued a scathing report finding, among other things, that police unreasonably fired into cars on numerous occasions. The report mentioned Kayla Lucas's death as one such instance. Shortly after its release, Martinez filed her motion to reopen, in which she sought discovery of the investigation. Although the court never explicitly ruled on that motion, its subsequent decision to grant summary judgment was a *de facto* denial.

Martinez now appeals, contending that the court abused its discretion by 1) refusing to consider the deposition testimony and request-for-admission evidence at summary judgment and 2) denying the motion to reopen discovery.

3

## II

I.   **The District Court Did Not Abuse Its Wide Discretion in Enforcing Local Rule 56.1**

"The interpretation and application of local rules are matters within the district court's discretion, and the district court's decision is reviewed for abuse of discretion." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (cleaned up).  Because local rules are "written by and for district judges to deal with the special problems of their court, . . . a district judge's interpretation of his court's local rules" is typically entitled to "considerable weight." *Bell, Boyd & Lloyd v. Tapy,* 896 F.2d 1101, 1103 (7th Cir. 1990) (Posner, J.).  "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." *Crown Serv. Plaza Partners v. City of Rochester Hills*, 2000 WL 658029, at *4 (6th Cir. May 8, 2000). "[E]ven greater discretion" is warranted where, as here, a local rule is substantive and not merely a requirement of form.  *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 549–50 (7th Cir. 2017) (describing a similar "point-counterpoint framework" for summary judgment in the Central District of Illinois as a "prototypical substantive local rule"); *see also* Fed. R. Civ. P. 83 advisory committee's note to 1995 amendment (subdivision (a)(2)) (explaining that "a local rule requiring parties to identify evidentiary matters relied upon to support or oppose motions for summary judgment" is substantive and thus unaffected by Fed. R. Civ. P. 83(a)(2)'s heightened protections for litigants who violate local rules of form).[1]

While Sixth Circuit case law is more limited, our sister circuits have "spoke[n] approvingly" of local summary-judgment rules that impose "rigorous requirements of specificity

---

[1] A "local rule imposing a requirement of form"—for example, a typeface requirement, *see Ordos City Hawtai Autobody Co. v. Dimond Rigging Co.*, 695 F. App'x 864, 870 (6th Cir. 2017)—"must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."  Fed. R. Civ. P. 83(a)(2).

and documentation" given the "the exigent need of the district courts, in a period of unprecedented caseloads, to streamline their procedures." *Bell, Boyd & Lloyd*, 896 F.2d at 1103 (collecting cases); *see also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 775 (9th Cir. 2002) (noting similar efficiency rationale for exacting summary-judgment documentation requirements); *Lopez-Hernandez v. Terumo Puerto Rico LLC*, 64 F.4th 22, 26 (1st Cir. 2023) (lamenting that violations of a Rule 56.1 counterpart requiring that each factual assertion cite to a specific page or paragraph in the record "are astoundingly common and constitute an unnecessary burden to the trial court's docket and time"). Given these concerns and the deferential standard of review, courts have "repeatedly upheld the strict enforcement of these rules, sustaining the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (collecting cases); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992) (upholding the "strict" and "severe" application of Rule 56.1 analogue even when "fatal[]" to the case).

On appeal, Martinez asks that we review the district court's refusal—under its local summary-judgment rule—to consider three items of evidence: the deposition testimony of Chief Davis, Martinez's requests for admission, and its own order deeming those requests admitted. We hold that the district court did not abuse its broad discretion in concluding that such evidence was "not properly before" it at summary judgment.

Under Rule 56.1, each fact in a movant's statement of undisputed material facts ("SUMF")—and each portion of the nonmovant's response disputing those facts or adding new facts—must be "supported by specific citation to the record." W.D. Tenn. L.R. 56.1(a)–(b). However, in both the SUMF accompanying her summary-judgment motion and her response to

the SUMF accompanying the city's summary-judgment motion, there is no reference to Martinez's requests for admission or the court's order deeming them admitted. In asking us to excuse this violation, Martinez's counsel fails to apprehend that local rules like 56.1—the validity of which she never questions—"generally have the force of law" and that it "is incumbent on litigants to follow" them. *Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 453-54 (6th Cir. 2018) (cleaned up). Likewise, "it is foolhardy and improper for the attorneys for party litigants to completely ignore a court's local procedural rules that are designed to aid the administration of justice and the orderly conduct of summary judgment factfinding and then to camouflage their poor judgment through appellate attacks" of a frivolous nature. *Tatalovich v. City of Superior*, 904 F.2d 1135, 1140 (7th Cir. 1990).

Martinez's effort to dispute the city's SUMF in her Rule-56.1 response by citing her own brief—rather than the record of Chief Davis's testimony—fares no better. Martinez's response to the city's SUMF neither mentioned nor cited any testimony; it simply pointed the district court to her entire accompanying brief without elaboration. That brief, in turn, reproduces eight pages of Chief Davis's deposition testimony, presented as two lengthy block quotations embedded within counsel's argument. Rule 56.1, however, requires a "specific citation" and a "demonstrat[ion]" that the fact is disputed. W.D. Tenn. L.R. 56.1(a)–(b). Courts do not abuse their discretion at summary judgment when they conclude that unexplained blanket references to an entire document—here, a brief—are neither specific nor demonstrative. *See Thompson v. Evening Star Newspaper Co.,* 394 F.2d 774, 777 & n. 9 (D.C. Cir. 1968) (noting that district court is not obligated at summary judgment to consider nonmovant's deposition, which was only "generally incorporated . . . without reference to any portion thereof as setting forth facts"); *Nissho–Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988) (similar); *Orr*, 285 F.3d at 774–75 (holding

that when litigants reference a document "in a summary judgment motion without citing to page and line numbers, the trial court may in its discretion exclude the evidence"); *cf. United States v. Watkins*, 179 F.3d 489, 500–01 (6th Cir. 1999) (reasoning that "[r]eferences . . . to certain documents or testimony, without explaining which words or parts support defendant's position or how they support it, do not fulfill" a defendant's duty to point to supporting parts of the record on appeal); *Casna v. City of Loves Park*, 574 F.3d 420, 424 (7th Cir. 2009) (similar).

Indeed, under an identical local rule in the Northern District of Illinois, the Seventh Circuit held that "[c]itations to an entire transcript of a deposition or to a lengthy exhibit are not specific and are, accordingly, inappropriate." *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817–18 (7th Cir. 2004). There, "[t]wo of [the plaintiff's] responses [to the defendant's SUMF] cited only to a 30–page exhibit and did not provide a specific page reference." *Ibid* at 818; *see also Coleman v. Blue Cross Blue Shield of Kan., Inc.*, 287 F. App'x 631, 634 (10th Cir. 2008) (similar). Even absent local rules, district judges in our circuit have found such generic citations in summary-judgment filings insufficiently particular under Federal Rule of Civil Procedure 56 itself. *See, e.g.*, *Smith v. Menard, Inc.*, No. 21-10660, 2023 WL 5232896, at *2 (E.D. Mich. Aug. 14, 2023) ("Plaintiff's sole citation to 'See Exhibit 1,' which is Plaintiff's 300+ page deposition, does not meet the . . . requirement [in Federal Rule of Civil Procedure 56(c)(1)(A) that a party claiming that a fact is or is not genuinely disputed] . . . cite to 'particular parts' of materials."); *Broshears v. Johnson*, No. 2:12-CV-174, 2015 WL 161315, at *3 (E.D. Ky. Jan. 13, 2015) (similar).

Moreover, a district court does not abuse its discretion when it concludes that a citation to a brief is not a *record* citation at all. A different procedural rule provides a useful analogy: Federal Rule of Appellate Procedure 28(a)(6) requires that a brief's factual statements be supported by

"appropriate references to the record," and subsection (a)(8)(A) likewise mandates that the argument section contain "citations to the . . . parts of the record on which the [party] relies." Our sister circuits have explained that citations to litigation documents containing or referencing record evidence are not *themselves* record citations. *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 702, 708 (7th Cir. 2010); *Casna*, 574 F.3d at 424. That is so regardless of whether the litigation documents appear in the Appendix. *See, e.g.*, *Rhoten v. Pase*, 252 F. App'x 211, 214 (10th Cir. 2007) (noting that appellant's brief did not comply with Fed. R. App. P. 28(a) because it "cite[d] to her response to the City of Topeka's summary judgment motion [in the appellate appendix] rather than to record evidence"). The same principle applies with equal force under Rule 56.1, which likewise requires citations to the record itself. The district court therefore did not abuse its discretion in declining to treat the citation to Martinez's summary-judgment brief as a record reference.

Martinez's counsel would ask us to ignore all of the foregoing and find an abuse of discretion because, in her view, the district court could easily find the relevant record material, much of which was attached to her motions. But there is no reason to second-guess the district courts using a vague "ease-of-discovery" standard when clear summary-judgment rules already exist and litigants are on actual or constructive notice of them. Moreover, effectively permitting "an ignorance of the law excuse would encourage and reward indifference to the law." *United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999). The case law accords with common sense: the Seventh Circuit has held that a district court is entitled to rely on an analogous local rule "regardless of how readily it might be able to distill the relevant information from the record on its own." *Waldridge*, 24 F.3d at 923; *see also Bell, Boyd & Lloyd*, 896 F.2d at 1102–03 (sustaining entry of summary judgment because SUMF failed to cite to affidavit, in violation of analogous local rule, even though the affidavit was attached to the summary-judgment motion, was

"plain[ly]" referenced by implication in part of the SUMF, and "[s]tanding alone . . . would be sufficient to create genuine issues of material fact").

## II. The District Court Did Not Abuse Its Discretion by Refusing to Reopen Discovery

"The district court did not directly address plaintiff's motion to reopen discovery before rendering it moot by granting defendants' motion for summary judgment . . . The *de facto* denial of the motion to reopen discovery is reviewed for abuse of discretion." *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 430–31 (6th Cir. 2006). Fed. R. Civ. P. 56(d) gives courts discretion to allow additional discovery if the nonmovant shows that "it cannot present facts essential to justify its opposition" to summary judgment. "Rule 56[(d)] has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and *why it has not previously discovered the information.*" *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (emphasis added). "The importance of complying with Rule 56[(d)] cannot be overemphasized." *Ibid.*

Because Martinez's motion failed to comply with these threshold requirements, the district court did not err in denying it. Martinez's counsel had ten months to take discovery, and by the time discovery closed in August 2024, the widely publicized DOJ investigation had been going on for over a year. *See* Jaclyn Diaz, *DOJ Launches Investigation into Memphis Police Department*, NPR (July 27, 2023), https://www.npr.org/2023/07/27/1190518341/doj-investigation-memphis-police. Still, Martinez's counsel did not try to discover the investigation during its pendency, and her motion to reopen fails to explain why. It is possible that the investigation materials were not lawfully discoverable, but it was Martinez's responsibility to make that showing and to explain the

lack of diligence. Because the absence of any explanation—despite this court's admonitions in *Cacevic*—is fatal, there is no need to reach other arguments against reopening discovery.

III

For the foregoing reasons, we **AFFIRM** the district court's entry of summary judgment for the defendants, its denial of partial summary judgment for Martinez, and its *de facto* denial of Martinez's motion to reopen discovery.