**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

CONAIL CROSS,

      Plaintiff-Appellant,

v.

THE HOME DEPOT,

      Defendant-Appellee.

No. 03-1070

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 01-WM-1690 (MJW))**

---

William R. Hess, Los Angeles, California, for Plaintiff-Appellant.

Daniel E. Friesen (Christine K. Lamb, with him on the brief), of Hale Hackstaff
Friesen, LLP, Denver, Colorado, for Defendant-Appellee.

---

Before **SEYMOUR** and **BRISCOE**, Circuit Judges, and **PAYNE**,* District Judge.

---

**SEYMOUR**, Circuit Judge.

---

*The Honorable James H. Payne, Chief District Judge, United States
District Court for the Eastern District of Oklahoma, sitting by designation.

Conail Cross filed suit against his employer, The Home Depot, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981; retaliation in violation of 42 U.S.C. § 2000e-3; breach of an implied covenant of good faith and fair dealing; and intentional infliction of emotional distress. The district court granted summary judgment in Home Depot's favor on all claims except race discrimination in violation of Title VII. After one day of trial on his remaining claim, Mr. Cross voluntarily dismissed it with prejudice. He appeals the grant of summary judgment on his Title VII and § 1981 claims. We affirm in part, reverse in part, and remand for further proceedings on Mr. Cross' § 1981 claim.

**I**

We review the grant of summary judgment *de novo* and apply the same legal standards as those utilized by the district court. *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 792 (10th Cir. 1998). Summary judgment is only permissible where "pleadings, depositions, . . . and admissions . . . , together with the affidavits, . . . show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The factual record and all reasonable inferences therefrom must be viewed in the light most favorable to the party opposing summary judgment."

*Viernow*, 157 F.3d at 792. Viewed in this light, the record reflects the following.

Mr. Cross, who is African-American, began working for Home Depot in California in 1988. His original position was that of Sales Associate, but in 1992 he received a promotion to Assistant Store Manager (ASM). Three years later, Mr. Cross requested and received a transfer to a store in Colorado. In 1999, Home Depot transferred Mr. Cross to yet another store in Colorado, and shortly thereafter the events relevant to this appeal occurred.

According to Mr. Cross, after he became promotable under Home Depot's internal policies, racial discrimination on the part of his supervisors and others in management positions prevented him from becoming a Store Manager. Home Depot purported to employ a "succession planning process" in identifying ASMs for promotion to Store Manager positions. A "9-box grid" system identified factors Home Depot viewed as essential to promotion, and each ASM received a score with respect to these factors. On July 30, 1999, management downgraded Mr. Cross' score on this "9-box grid," rendering him unpromotable. Mr. Cross disputed the objectivity and uniformity of this system, alleging that racial bias among supervisors rather than actual performance determined the scores for ASMs at his store. Several ASMs working in Colorado Home Depot stores received promotions during Mr. Cross' employ, but the parties disputed which of these promotions were relevant "comparitors" in assessing Home Depot's failure

to promote Mr. Cross. The parties agreed, however, that the promotion of John "Mike" Hill on April 27, 1999, should factor into an analysis of Mr. Cross' discrimination claims.

At some point in the summer of 1999, Mr. Cross complained to Sherri Gibson McCune, a District Human Resources Coordinator, about his downgrade and Home Depot's failure to offer him a promotion. He accused store management of making racially motivated employment decisions. Both before and after these complaints, Mr. Cross received mixed performance reviews. In May 2000, Mr. Cross began taking a series of medical leaves and admits he was thereafter no longer capable of becoming a Store Manager.

## II

We first address Mr. Cross' Title VII claims. He contends Home Depot is liable under Title VII for both unlawful retaliation against protected activity and racially discriminatory failure to promote. On appeal, he challenges the district court's grant of summary judgment in favor of Home Depot on his retaliation claim. He also asserts that the district court, in ruling in his favor on his failure-to-promote claim, nonetheless erroneously limited the claim to the April 1999 promotion of Mike Hill. After carefully reviewing the district court's rulings and the record on appeal, as well as deciphering the parties' submissions to this court,

we determine the district court correctly granted summary judgment for Home Depot on Mr. Cross' retaliation claim, and committed no error in its rulings on Mr. Cross' Title VII failure-to-promote claim.

## A.

In order to state a *prima facie* case for retaliation, Mr. Cross was required to show: (1) that he engaged in protected activity, (2) that he was subject to an adverse employment action, and (3) that a causal connection existed between his protected activity and the subsequent adverse action. *See Jeffries v. Kansas*, 147 F.3d 1220, 1231 (10th Cir. 1998). In support of his *prima facie* case, Mr. Cross alleged he complained of racial discrimination in Home Depot's promotion decisions and was subsequently downgraded to an unpromotable ranking. Home Depot did not dispute Mr. Cross' asserted protected activity or adverse employment action. It argued instead, and the district court agreed, that Mr. Cross' downgrading occurred *before* his complaints of discriminatory promotion practices and, therefore, he could not show a causal connection between the two.

On appeal, Mr. Cross challenges the district court's timing conclusion, contending he expressed concern about discrimination prior to his downgrading on July 30, 1999. The district court ruled that Mr. Cross did "not dispute the timing of the downgrade and he fail[ed] to respond . . . in any way [to Home Depot's argument he was downgraded prior to his complaints]." Aplt. App. at

Mr. Cross did in fact dispute the timing of his downgrading, *id.* at 70, 72, but cited no evidence to rebut Home Depot's version of events. The deposition of Ms. McCune, to which Mr. Cross cited in stating he was downgraded after his complaints, *id.* at 72, reveals Ms. McCune's uncertainty as to the timing of Mr. Cross' complaints and a general recollection that they occurred after he was downgraded on July 30, 1999. *See* Aple. Supp. App., vol. I at 86. At his own deposition, Mr. Cross provided inconsistent testimony as to the dates of his complaints. *See id.* at 71-72. At that deposition, counsel for Home Depot revealed a chronology admittedly prepared by Mr. Cross and his counsel indicating his complaints did not take place until nearly a month after he was downgraded to an unpromotable status. *Id.* Although Home Depot argued in its summary judgment brief that Mr. Cross' retaliation claim failed because he did not complain about discrimination before he was downgraded, Aplt. App. at 52, Mr. Cross made no contrary argument in his response. *See id.* at 73-75. Mr. Cross thus failed to make a *prima facie* case of retaliation. We therefore affirm the district court's grant of summary judgment for Home Depot on this claim.

**B.**

Mr. Cross also alleged racially discriminatory failure to promote in violation of Title VII. On appeal, Mr. Cross contends the district court's order on summary judgment "defined the Title VII claim which [he] was permitted to

present to the jury, [and] was in error because it limited the parameters of the trial on Cross' Title VII action to the April[] 1999 promotion [of Mr. Hill]." Aplt. Reply Br. at 2. Having read the district court's order and the subsequent proceedings in this case, we find no such limitation and determine Mr. Cross cannot prevail on this claim.

In order to establish a *prima facie* case of employment discrimination under Title VII, an employee is required to show that: (1) he is a member of a protected class; (2) he applied for and was qualified for the particular position; (3) he was not promoted despite his qualifications; and (4) the position was filled or remained open after he was rejected. *See Jones v. Barnhart*, 349 F.3d 1260, 1266 (10th Cir. 2003); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991). Establishing a prima facie case shifts the burden to the employer to present a legitimate, nondiscriminatory reason for its actions. *Jones*, 349 F.3d at 1266. If such a showing is made, the burden then shifts back to the employee to demonstrate that the employer's proffered explanation was merely pretext for discrimination. *Id.*

Home Depot moved for summary judgment on Mr. Cross' Title VII failure-to-promote claim. It did not address whether Mr. Cross had made a *prima facie* case, but instead focused its arguments on its legitimate, non-discriminatory reasons for not promoting Mr. Cross. Home Depot asserted Mr. Cross' poor

evaluations and "unpromotable" status on the "9-box grid" as its legitimate business reasons for failing to promote Mr. Cross and also disputed Mr. Cross' presentation of pretext. Aplt. App. at 102-09. The district court denied Home Depot's motion, ruling Mr. Cross had raised genuine issues of material fact as to pretext. *Id.* at 121. We agree. In ruling for Mr. Cross on this issue, the district court briefly described the evidence Mr. Cross submitted on the question of pretext:

> Cross points to the inconsistencies in the application of Home Depot's 9-box grid system as evidence of pretext. He asserts that the policies and procedures for ranking employees are not uniform and are arbitrarily applied. Further, he points to his own extensive qualifications as compared to Hill's as additional evidence of pretext. Viewing this evidence in a light most favorable to Cross, there are factual disputes regarding his qualifications and the reasons why he was not promoted.

*Id.* Hence, the district court held Mr. Cross could proceed to trial on his failure-to-promote claim.

Notwithstanding this ruling, Mr. Cross contends the district court effectively "gutted" his failure-to-promote claim by limiting his case to Mr. Hill's April 1999 promotion. However, one must engage in a very strained reading to transform the district court's ruling in Mr. Cross' favor into an unjustified judicial limitation of his failure-to-promote claim. Merely citing Mr. Hill's promotion as evidence of pretext on the part of Home Depot hardly limits Mr. Cross' presentation of evidence on this matter.

-8-

As further indication of the district court's "limitation" of his Title VII claim to the April 1999 promotion, Mr. Cross cites a footnote in the § 1981 portion of the district court's order.[1] In the context of Mr. Cross' § 1981 claim for failure-to-promote, the parties debated application of the statute of limitations. In this context, Mr. Cross argued to the district court that "from August 26, 1999 until August 27, 2001 . . . [a]t least 8 store manager positions were filled in Colorado . . . ." Aplt. App. at 76. For this proposition, Mr. Cross cited to "Ex. A-59, Pages 6-14." *Id.* In rejecting Mr. Cross' statute of limitations argument, the court stated:

> Cross' citation to the record to support this allegation [as to
> additional store manager positions] does not mention anything
> related to filling store manager positions. Accordingly, this
> allegation is not supported by [FED. R. CIV. P.] 56 evidence and
> I will not consider it.

*Id.* at 123 n.3. Like the earlier passage quoted above, it is difficult to see how this language "limited the parameters [of] Cross' Title VII action to the April[] 1999 promotion." Aplt. Reply Br. at 2. The court merely, and correctly, refused to consider unsupported allegations in making its statute of limitations decision.[2]

_____

[1] We discuss Mr. Cross' § 1981 claim *infra*.

[2] In his reply brief, Mr. Cross appears to admit that his citation of evidence to the district court was in error:
> While a citation might have been erroneously numbered by Cross,
> it is indisputable that Cross provided such Rule 56 evidence in his
> opposition papers and that the import of the evidence was sufficiently

(continued...)

Mr. Cross believes that, after he had shown disputed issues of material fact as to pretext, he should have been allowed to present to a jury all evidence related to decisions about his performance and promotability. Despite Mr. Cross' contentions to the contrary, the district court apparently agreed with this contention. In its pretrial motion *in limine*, Home Depot sought to limit Mr. Cross' presentation of evidence to the promotion of Mr. Hill in April 1999. Aple. Supp. App., vol. II, at 273. The district court judge *denied* this motion, stating he could not predict what evidence would be relevant to Mr. Cross' discrimination claim and refused to limit Mr. Cross' evidence to the "so-called relevant time period." *Id.* at 359, 361. Mr. Cross' counsel nonetheless clearly believed the court had restricted the Title VII claim to the April 1999 promotion of Mr. Hill, *see* Aplt. App. at 347, and when evidence presented at trial regarding Mike Hill's promotion made it clear that Mr. Cross' failure-to-promote claim would not

---

[2](...continued)
presented to the court for summary judgment review.
Aplt. Reply Br. at 7. Mr. Cross then references an "Exhibit A-61" as providing this evidence to the district court.

Neither in his response to Home Depot's motion for summary judgment, nor in his briefing to this court does Mr. Cross identify the contents of "Exhibit A-61." Likewise, neither in the table of contents to his appendix on appeal nor on any page of his 349-page appendix is there a document marked "Exhibit A-61." While we do not read the district court's discussion of this issue to restrict Mr. Cross' Title VII claim, we certainly cannot find error in the district court's refusal to consider evidence Mr. Cross has not shown to exist. We discuss below the implications of this failure for Mr. Cross' § 1981 claim.

succeed solely on those grounds, he voluntarily dismissed his Title VII action with prejudice. Regardless, there is no error on the part of the district court for us to reverse. We therefore affirm its summary judgment ruling and its grant of Mr. Cross' motion for voluntary dismissal with prejudice.

**III**

Mr. Cross' amended complaint asserted the failure-to-promote claim in the context of § 1981. The district court initially applied Colorado's residual two-year statute of limitations for personal injury claims to Mr. Cross' § 1981 claim, citing *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1110 (10th Cir. 1998). After this court's decision in *Harris v. Allstate Ins. Co.*, 300 F.3d 1183, 1192 (10th Cir. 2002), the district court ordered further briefing on the statute of limitations applicable to Mr. Cross' § 1981 claim.

*Harris* addressed the interaction of 28 U.S.C. § 1658, which provides a four-year statute of limitations for claims arising under an Act of Congress enacted after December 1, 1990, and Congress' 1991 amendment to § 1981. *See id.* at 1186-92. We held in *Harris* that the four-year limitation period applies to causes of action made possible by the 1991 amendment to § 1981. *Id.* at 1192. That amendment overruled the Supreme Court's decision in *Patterson v. McClean Credit Union*, 491 U.S. 164, 177-78 (1989), which had held that § 1981 did not

-11-

apply to an employer's conduct after the formation of an employment relationship. After *Harris*, claims under § 1981 relying upon discrimination in *contract formation*, which were actionable prior to the 1991 amendment, would be governed by residual state statutes of limitations, here two years. *Harris*, 300 F.3d at 1187-92. Claims relying upon an employer's *post-formation conduct*, however, would be subject to the four-year statute of limitations under § 1658, because they were made possible by the 1991 amendment. *Id.* The Supreme Court recently approved of this approach in *Jones v. R.R. Donnelley & Sons Co.*, 124 S. Ct. 1836, 1845 (2004).

Whether a two- or four-year limitation period applies to Mr. Cross' claim for failure-to-promote depends, therefore, upon whether such a claim would have been actionable under the pre-1991 version of § 1981. Some failure-to-promote claims were actionable before the 1991 amendment, but only those that rose to the "level of an opportunity for a *new and distinct relation* between the employee and the employer . . . ." *Hooks v. Diamond Crystal Specialty Foods, Inc.*, 997 F.2d 793, 801 (10th Cir. 1993) (quoting *Patterson*, 491 U.S. at 185-86), *overruled on other grounds by Buchanan v. Sherrill*, 51 F.3d 227, 229 (10th Cir. 1995). In other words, a failure-to-promote claim was actionable before the 1991 amendment if it equated to contract formation. Thus, if a "new and distinct relation" between Mr. Cross and Home Depot would have resulted from his

promotion to Store Manager, then the state's residual two-year statute of limitations for personal injury actions would apply to limit Mr. Cross' claim. If no such new relationship would have resulted, the 1991 amendment to § 1981 made Mr. Cross' claim viable as post-formation conduct and the four-year limitation period would apply.

Not surprisingly, Mr. Cross advocates for the four-year limitation period, while Home Depot advocates for the two-year period. As evidence of a new and distinct relationship, Home Depot filed affidavits pointing out that while ASMs directly supervise only two people, Store Managers supervise 150-250 employees. In contrast to ASMs who manage a couple of store departments, Store Managers oversee "the overall financial condition of the store, including $25-45 million in annual receipts." Aplt. App. at 140. Additionally, salaries for Store Managers far exceed those for ASMs, and Store Managers are eligible to receive bonuses valued at up to fifty percent of their salaries based on their stores' financial performance. Finally, Home Depot cited "significantly different opportunities for advancement" among ASMs and Store Managers. *Id.* Based on this evidence, the district court held that a new and distinct relationship would have resulted from Mr. Cross' promotion, and applied the state's two-year statute of limitations as a result. We disagree with this conclusion.

In *Hooks*, this court noted that whether a new and distinct relationship

emerges from promotion "should not be measured in quantitative terms, like the amount of potential pay increase . . . ." 997 F.2d at 802. Rather, a court should look to "whether there exists a meaningful, qualitative change in the contractual relationship." *Id.* We do not confine our inquiry "to titles, but should examine actual changes in responsibility and status." *Id.* Such changes in the contractual relationship could include promotions from nonsupervisory to supervisory positions and advancements from being paid by the hour to being a salaried employee. *Id.*

Despite the expanded career opportunities and significant pay raise attendant to a promotion from ASM to Store Manager, the "qualitative change in the contractual relationship" necessary to find a "new and distinct" relationship is missing. Mr. Cross provided the district court with a document entitled "JOB PROFILE–*Supervisor/Manager*," apparently devised by Home Depot to define the positions of Department Supervisor, ASM, and Store Manager. Aplt. App. at 135. The company describes the qualifications for and duties of ASMs and Store Managers as essentially identical, and both are supervisors. As such, both ASMs and Store Managers hold exempt positions as defined by the Fair Labor Standards Act, while Department Supervisors, who report to ASMs, do not.[3] *Cf. Sitgraves v.*

---

[3]The Fair Labor Standards Act excludes from its definition of a protected "employee" anyone "employed as a supervisor." 29 U.S.C. § 152(3).

*Allied Signal, Inc.*, 953 F.2d 570, 574 (9th Cir. 1992) (holding no qualitative change in contractual relationship where both positions were exempt supervisory positions under National Labor Relations Act). In addition, both ASMs and Store Managers are paid a salary rather than hourly wages. The differences between the ASM and Store Manager positions are thus far more like the "rung[s] on the career ladder" we held *not* to form a new and distinct relationship in *Hooks*, 997 F.2d at 802 (quoting *McKnight v. Gen. Motors Corp.*, 908 F.2d 104, 110 (7th Cir. 1990)), than the "qualitative change in the employment relationship" that would mandate application of the two-year statute of limitations. As we said in *Hooks*, the plaintiff "already performed a supervisory role, and any increased responsibility is best characterized as a mere advancement in his career path, rather than a new and distinct employment relationship." *Id.*

Because no new and distinct relationship, as defined by *Hooks* and *Patterson*, would have emerged from Mr. Cross' promotion from ASM to Store Manager, the claim was not actionable prior to the 1991 amendment to § 1981. *See id.* at 801 (quoting *Patterson*, 491 U.S. at 185-86). Therefore, the four-year statute of limitations in § 1658 governs Mr. Cross' § 1981 claim. *Jones*, 124 S. Ct. at 1845. The district court erred by applying Colorado's residuary two-year statute of limitations.

Mr. Cross filed his original complaint on August 27, 2001 and his amended

complaint on January 14, 2002. Over Home Depot's assertion to the contrary, the district court properly assumed the amended complaint related back to the date of the original complaint and then applied the two-year statute of limitations so as to include any actionable events after August 27, 1999. Applying the proper four-year statute of limitations, the court should have permitted Mr. Cross to include in his § 1981 claim any actionable events taking place after August 27, 1997.

The district court did not err, however, by refusing to consider Mr. Cross' unsupported allegation that his claim included actionable events between August 1999 and August 2001. As discussed above, Mr. Cross' response to Home Depot's motion for summary judgment stated that "from August 26, 1999 until August 27, 2001 . . . [a]t least 8 store manager positions were filled in Colorado . . . ." Aplt. App. at 76. Mr. Cross cited "Ex. A-59, Pages 6-14," in support of this proposition. *Id.* Mr. Cross now admits this citation was in error. Because Mr. Cross failed to direct the court to any evidence of these promotions, the district court refused to consider them.

On appeal, Mr. Cross argues that even if his erroneous citations pointed the court to irrelevant evidence, evidence of these eight promotions was in the record on summary judgment and the court should have considered it. But on a motion for summary judgment, "it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without . . . depending on the trial

-16-

court to conduct its own search of the record." *Downes v. Beach*, 587 F.2d 469, 472 (10th Cir. 1978); *see also Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court was not obligated to comb the record in order to make [the plaintiff's] arguments for him."). In light of Mr. Cross' failure to direct the district court's attention to relevant evidence of promotions for which Home Depot could have considered him in the two years preceding his § 1981 claim, the district court properly precluded his ability to bring his §1981 claim during this time period. Therefore, while Mr. Cross may proceed with his § 1981 failure-to-promote claim under a four-year statute of limitations, his claim is nonetheless confined to the period not addressed by the district court's § 1981 evidentiary ruling.

## IV

In conclusion, we **AFFIRM** the district court's grant of summary judgment as to Mr. Cross' claim of retaliation in violation of Title VII. We **REVERSE** the district court's application of a two-year statute of limitations on the failure-to-promote claim under § 1981, holding a four-year limitation period applies. Finally, we **REMAND** for further proceedings in accordance with this opinion, on Mr. Cross' § 1981 claim and any other peripheral issues raised by the parties.