**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4243
_____

JEANINE M. MCCREARY,

Appellant

v.

REDEVELOPMENT AUTHORITY OF THE CITY OF ERIE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 09-cv-00299)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2011

Before:  RENDELL, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed: May 17, 2011)
_____

OPINION
_____

PER CURIAM.

Jeanine M. McCreary appeals the District Court's order dismissing her claims

under 42 U.S.C. §§ 1981 and 1983 as time-barred, and declining to exercise supplemental

jurisdiction over her state-law claims.  For the reasons that follow, we will affirm.

I.

Because the parties are familiar with the background, we need only summarize for purposes of our consideration of the issues on appeal. McCreary, with the assistance of counsel, commenced this suit by filing a "complaint/request for hearing" in the District Court for the Western District of Pennsylvania, seeking damages and other relief from the Redevelopment Authority of the City of Erie, Pennsylvania (the "Authority"). According to the complaint, McCreary entered into a Redevelopment Agreement with the Authority on October 17, 2003, acquiring a blighted property in Erie on the condition that she would promptly begin rehabilitating it.[1] In 2004, the Authority notified McCreary that she was in breach, and it exercised its right of reverter under the Redevelopment Agreement, terminating McCreary's interest in the property.

McCreary filed suit in state court to challenge the Authority's action as premature, and the Court of Common Pleas for Erie County entered summary judgment in her favor, concluding that the Authority had failed to allow for the necessary waiting period before filing notice of its declaration terminating McCreary's interest in the property. The Court of Common Pleas' judgment did not preclude the Authority from seeking to exercise its right of reverter in the future in a manner consistent with the terms of the Redevelopment Agreement. Neither party appealed the court's decision.

Thereafter, on July 22, 2005, the Authority served McCreary with a list of thirteen

---

[1] The record reflects that McCreary paid $1.00 to purchase the property.

causes of default and afforded her ninety days to cure, citing, <u>inter alia</u>, her failure to begin construction on the property. On October 21, 2005, the Authority exercised its right of reverter in light of its conclusion that McCreary had failed to cure her default. On November 23, 2005, the Authority demolished the building on the property.

McCreary then filed suit in state court, seeking to reclaim title to and possession of the property, as well as damages for lost value, unlawful taking, and the Authority's alleged breach of the Redevelopment Agreement. The Court of Common Pleas for Erie County dismissed the suit on the Authority's preliminary objections, concluding, <u>inter alia</u>, that McCreary had waived any substantive challenge to the Authority's exercise of its right of reverter because the Authority retained sole discretion to determine whether McCreary complied with the terms of the Redevelopment Agreement. The Pennsylvania Commonwealth Court affirmed the trial court's judgment, and on December 21, 2007, the Pennsylvania Supreme Court denied McCreary's petition for allowance of appeal.

On December 1, 2009, McCreary filed her complaint in the present action. She set forth seven claims for relief: (1) the Authority's exercise of its right of reverter violated McCreary's right of access to the courts and deprived her of the right to a hearing on the validity of the taking (§ 1983); (2) the Authority reclaimed the property in violation of due process and without just compensation (§ 1983); (3) the Authority breached the terms of the Redevelopment Agreement (state law); (4) the Authority acted in retaliation for McCreary's having petitioned the government for redress of her grievances (§ 1983); (5) the Authority engaged in discriminatory acts that "denied and frustrated" McCreary, who

is African-American, in her efforts "to contract with the [Authority] and execute [the] contractual relationship and enforce the contractual bargain and realize its benefits" (§ 1981); (6) the Authority denied McCreary equal protection of the laws (§ 1983); and (7) the Authority engaged in "fraud, deception, [and] misrepresentation and misled [McCreary] … in connection with her efforts to acquire, develop and enjoy the [property]" (state law).

The Authority moved to dismiss the complaint, arguing, inter alia, that all claims are barred by either the statute of limitations or the doctrine of res judicata. The Magistrate Judge recommended dismissing the complaint on both grounds. With regard to the limitations defense, the Magistrate Judge concluded that McCreary's federal claims accrued, at the latest, on November 23, 2005, the date on which the Authority razed the building on the property. Because McCreary filed suit over four years later, her federal claims are time-barred under the controlling two-year statute of limitations. The Magistrate Judge also concluded that the state-law claims are time-barred.[2]

After McCreary filed objections, the District Court adopted the Magistrate Judge's analysis in part and dismissed the complaint. The District Court agreed that McCreary's claims arise out of the Authority's alleged wrongful reclamation of the property, and thus it found that her claims under §§ 1981 and 1983 accrued no later than when the building

---

[2] The Magistrate Judge entered a separate order denying as futile McCreary's motion to amend the complaint, concluding that her proposed amendments could not save the complaint from dismissal. McCreary did not appeal that order to the District Court, and she does not challenge it in her brief on this appeal. Consequently, we deem the issue waived and do not address it further.

was demolished.  Accordingly, the District Court dismissed the federal claims with prejudice as time-barred, and it elected not to reach the question of res judicata.  In addition, rather than deny the state-law claims as time-barred, the District Court declined to exercise supplemental jurisdiction in light of its denial of the federal claims, and thus it dismissed the state-law claims without prejudice.[3]  McCreary timely filed this appeal.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291.[4]  We exercise plenary review over an order granting a motion to dismiss.  Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009).  We accept all well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to plaintiff.  Id.  A defendant properly raises statute of limitations defense in a motion to dismiss "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."  Oshiver v. Levin, Fishbein, Sedran

---

[3] The District Court also rejected the Authority's objections to the recommendation that its motion for Rule 11 sanctions be denied.  The Authority has not cross-appealed the denial of its Rule 11 motion.

[4] As mentioned, McCreary had the assistance of counsel before the District Court.  Counsel has not entered an appearance on appeal, and McCreary has filed a pro se appellate brief.  The Authority challenges whether McCreary is truly proceeding "pro se" inasmuch as she acknowledges using "professionals and consultants" to assist in preparing her appellate brief.  The Authority argues that, because McCreary appears to have a "ghost writing arrangement," she should not benefit from the liberal construction that we ordinarily afford to arguments raised in a pro se brief.  We see no need to resolve this issue.  Because McCreary's arguments on appeal, even when liberally construed, do not cast doubt upon the District Court's decision to dismiss her complaint, her status as a pro se litigant has no bearing on the outcome here.

& Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

"The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). McCreary's § 1981 claim is subject to either a two-year or four-year limitations period, depending on whether her claim "would have been actionable under the pre-1991 version of § 1981." Cross v. Home Depot, 390 F.3d 1283, 1289 (10th Cir. 2004); see Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004). Because McCreary's § 1981 claim is time-barred even under the longer, four-year limitations period, we need not parse her claim to determine exactly which limitations period applies here.[5]

"Federal law governs a cause of action's accrual date." Kach, 589 F.3d at 634. A cause of action "accrues when the plaintiff knew or should have known of the injury upon which [her] action is based." Sameric Corp. of Del. v. Phila., 142 F.3d 582, 599 (3d Cir. 1998). As we recently explained, "[a]ccrual is the occurrence of damages caused by a wrongful act -- when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (quotation marks omitted).

McCreary's allegations make plain that her various federal claims against the Authority accrued, at the latest, on November 23, 2005, when the Authority razed the building after exercising its right of reverter. By that date, a reasonable person should

---

[5] We note that McCreary seemed to suggest in the complaint that her claims are subject to a two-year limitations period. See Compl. at ¶ 24.

have known that a challenge to the Authority's decisions to reclaim and raze the property, and its antecedent actions leading up to those decisions, had fully ripened. McCreary, in fact, filed suit in state court almost immediately after the building was razed, indicating that she well knew that the time to act on any perceived wrong or injury had arrived.

McCreary disputes the accrual date for her federal claims by arguing that the Authority's right of reverter "is constitutionally legally unenforceable," which, she contends, should render the statute of limitations inapplicable to any challenge to the Authority's exercise of that right. McCreary relies for this argument upon Glen-Gery Corp. v. Zoning Hearing Board, 907 A.2d 1033 (Pa. 2006). There, the Pennsylvania Supreme Court held that "a challenge to the procedure in enacting a statute or ordinance cannot be dismissed summarily as time-barred because, if the procedural defect implicating constitutional due process concerns such as notice were proven, it would render the statute void *ab initio*." Id. at 1044-45. Here, the accrual date for a federal civil rights claim "is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Consequently, McCreary's reliance upon Glen-Gery is misplaced. In any event, McCreary's challenge here is to the validity of a negotiated contract provision which afforded the Authority power to reclaim the property if McCreary failed to perform her obligations. She is not challenging a procedure used in enacting a statute or ordinance, making Glen-Gery inapposite.

McCreary also argues that certain of her federal claims should not be deemed to have accrued until she learned that the state courts would not "provide due process" on

her challenge to the Authority's decision to reclaim the property. Under this theory, McCreary suggests that her claims accrued on December 21, 2007, the date on which the Pennsylvania Supreme Court denied allowance of appeal in the state court case. This argument, however, is nothing more than an attack upon the state court's decision to dispose of McCreary's claims on the pleadings without an evidentiary hearing or trial -- facts that have no proper bearing on determining when McCreary's cause of action accrued for purposes of running the statute of limitations on her federal claims.

In sum, we discern no error in the District Court's determination that McCreary's federal claims accrued, at the latest, when the building was razed, on November 23, 2005. Her filing of this suit on December 1, 2009 -- more than four years after destruction of the building -- renders her claims under §§ 1981 and 1983 untimely filed.

McCreary alternatively seems to suggest that the statute of limitations on her federal claims should be tolled during the years in which she pursued relief against the Authority in state court. We cannot, however, afford tolling for that time because "[t]he running of a Pennsylvania statute of limitations against a federal cause of action is not tolled under Pennsylvania concepts of tolling by the commencement of a similar suit in state court." Ammlung v. City of Chester, 494 F.2d 811, 816 (3d Cir. 1974); see also Dique, 603 F.3d at 185 (explaining that state law, unless inconsistent with federal law, governs the issue of whether a limitations period should be tolled).

McCreary also suggests that the "continuing violation doctrine" should apply to certain of her claims, mainly because she believes that "title to [the] property is in limbo

due to the unlawful repossession … as well as the violation of her constitutional rights including antidiscrimination claims."  This Court has recognized that "'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred.'"  Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (quoting Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991)).  Significantly, a "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation."  Cowell, 263 F.3d at 293 (quotation marks omitted).

McCreary's claims of discrimination and her other challenges arise from the Authority's exercise of its right of reverter and demolition of the building, and alleged actions taken prior to those events.  The "last act" at issue here did not occur within two (or four) years of the date on which McCreary filed this suit.  Consequently, McCreary cannot rely upon the continuing violation doctrine.

For these reasons, we conclude that the District Court properly dismissed the federal claims with prejudice as time-barred.  McCreary also challenges the District Court's decision to decline exercising supplemental jurisdiction over her state-law claims.[6]  We review this decision for abuse of discretion, Santiago v. GMAC Mortgage

---

[6] McCreary suggests that the District Court erred in treating her third claim for relief as a claim under state law.  A review of the complaint reflects that the third claim is labeled "breach of contract" and makes no reference to a violation of federal law.  The

Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005), and discern no error. A district court may decline supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, once the District Court dismissed the federal claims, leaving only the state-law claims, "the prerequisites for § 1367(c)(3) were met." Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 174 (3d Cir. 2009).

## III.

Based on the foregoing, we will affirm the District Court's judgment.[7]

---

District Court properly viewed this claim as arising under state law.

[7] The Authority's motion to strike McCreary's "affidavit" and the other documents attached to her brief that were not part of the record before the District Court is granted. See Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3d Cir. 1986) ("The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court."). We have confined our review to the record on appeal. See Fed. R. App. P. 10(a).