**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1896
_____

MICHAEL EUGENE OWENS,
Appellant

v.

PA MINORITY BUSINESS DEVELOPMENT AUTHORITY OF THE
COMMONWEALTH OF PENNSYLVANIA; JOHN S. PICCONI; TOM WOLFE;
HAROLD E. DUNBAR; DARYL S. MYERS, Banker, Commonwealth National Bank;
OWEN MONTAGUE, Commonwealth of PA; CYNTHIA M. CRAIG, PMBDA,
Commonwealth of PA; PHIL SHEARER, Commonwealth of PA; STEVEN W.
SIMPSON, PMBDA, Contract Attorney, Philadelphia, PA; SECREATRY OF
COMMERCE, Commonwealth of PA; STEPHEN R. KRONE, Attorney, Mid Penn Legal
Services, Harrisburg, PA; SBA OFFICIALS, Philadelphia, PA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:23-cv-00105)
District Judge: Honorable Christopher C. Conner
_____

Submitted on a Motion to Proceed In Forma Pauperis, for Possible Dismissal Pursuant to
28 U.S.C. § 1915(e)(2)(B), or Possible Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
on July 20, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: August 4, 2023)
_____

———————

OPINION*

———————

**PER CURIAM**

Michael Eugene Owens appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint which asserted claims for race discrimination, fraud, breach of contract, and unjust enrichment. For the following reasons, we will summarily affirm.

The claims in Owens' complaint stemmed from a failed business venture and defaulted loans in the late 1970s and early 1980s. He named as defendants the United States Small Business Administration, the Pennsylvania Minority Business Development Authority (PMBDA) and several of its employees, the former Governor of Pennsylvania, a bank officer, and two attorneys who represented him. A Magistrate Judge concluded that, on the face of the complaint, all of Owens' claims were barred by the applicable statutes of limitations. (ECF 9.) Accordingly, the Magistrate Judge recommended that the District Court sua sponte dismiss the complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). (Id.) Owens filed objections but did not meaningfully challenge the conclusion that his claims were time-barred. (ECF 11; 12; 13.) The District Court adopted the Report and Recommendation, dismissed the complaint with prejudice, and denied

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Owens' motions for appointment of counsel and issuance of subpoenas. (ECF 18 & 19.) Owens timely appealed.[1] (ECF 23.)

The District Court properly concluded that all of Owens' claims are barred by the respective statutes of limitations. See Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009) (holding that although the statute of limitations is an affirmative defense that can be waived, a dismissal on statute of limitations grounds is permissible when "it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue"). Owens' state law fraud claims are subject to a two-year statute of limitations. SodexoMAGIC, LLC v. Drexel Univ., 24 F.4th 183, 218 (3d Cir. 2022). His state law claims for breach of contract and unjust enrichment are governed by a four-year statute of limitations. See 42 Pa. C.S.A. § 5525(a); Cole v. Lawrence, 701 A.2d 987, 989 (Pa. Super. Ct. 1997). And a two-year statute of limitations applies to his race discrimination claim, to the extent that it was brought pursuant to 42 U.S.C. § 1983.[2] See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo the District Court's order dismissing the complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

[2] To the extent that Owens brought his race discrimination claim under 42 U.S.C. § 1981, the claim is subject to either a two-year or four-year limitations period, depending on whether the claim "would have been actionable under the pre-1991 version of § 1981." Cross v. Home Depot, 390 F.3d 1283, 1289 (10th Cir. 2004); see Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004). Because Owens' § 1981 claim would time-barred even under the longer, four-year limitations period, we need not parse the claim to determine which limitations period applies here.

3

As the District Court explained, the most recent event described in Owens' complaint occurred in November 1981, when his attorney sent him a letter interpreting a contract between Owens and the PMDBA. There is no basis to toll the statutes of limitations. Therefore, the claims in Owens' complaint, which was filed in January 2023, are clearly time-barred. And we discern no abuse of discretion in the District Court's denial of Owens' motions for appointment of counsel and for issuance of subpoenas. See Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (noting that the denial of a motion for appointment of counsel is reviewed for abuse of discretion); Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995) (applying "abuse of discretion standard when reviewing orders regarding the scope and conduct of discovery").

For the foregoing reasons, this appeal does not present a substantial question. Accordingly, we will summarily affirm the District Court's judgment.[3] 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] Owens' application to proceed in forma pauperis is granted.